WILLIAM M. SPEIDEL AND ELENA R.
SPEIDEL,

        Plaintiffs,

-v-

No. 03 Civ. 3100 (LTS) (HBP)

SODEXHO, INC., JOSEPH AKOTO,
HERMINIO SIERRA and MARRIOTT
HOTELS INTERNATIONAL, INC.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/06/05

SODEXHO, INC., JOSEPH AKOTO,
and MARRIOTT HOTELS
INTERNATIONAL, INC.,

        Third-Party Plaintiffs,

-v-

GLENS FALLS INSURANCE COMPANY
and ENCOMPASS INSURANCE COMPANY,

        Third-Party Defendants,

GLENS FALLS INSURANCE COMPANY,

        Second Third-Party
        Plaintiff

-v-

AMERICAN HOME ASSURANCE COMPANY,

        Second Third-Party
        Defendant.

Copies mailed to Plaintiff + Defendant
Chambers of Judge Swain

OPINION AND ORDER

APPEARANCES:

KRAMER & DUNLEAVEY
  By: Lenore Kramer
350 Broadway, Suite 1100
New York, NY 10013

*Attorney for Plaintiffs*

WADE, CLARK, MULCAHY
  By: David Tavell
      Paul Francis Clark
111 Broadway, 9th Floor
New York, NY 10006

*Attorneys for Defendants Sodexho, Inc., Joseph Akoto, Herminio Sierra, and Marriot International, Inc.*

AHMUTY, DEMERS & McMANUS, Esqs.
  By: Paul Andrew Eschmann
123 William Street
New York, NY 10038

*Attorney for Defendant Herminio Sierra*

FEENEY, GAYOSO and FITZPATRICK, L.L.P.
  By: Rosa M. Feeney
503 Route 11
Hauppauge, NY 11788

*Attorney for Third-Party Defendant Glenn Falls Insurance Company and Encompas Insurance Company*

LESTER, SCHWAB, KATZ, and DWYER, L.L.P.
  By: Bruce Strikowsky
      Eric Joseph Stern
120 Broadway
New York, NY 10271

*Attorney for Third-Party Defendant American Home Assurance Company*

LAURA TAYLOR SWAIN, United States District Judge

Before the Court is the motion of Plaintiffs William and Elena Speidel for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in this action for negligence and loss of consortium arising from an accident involving Plaintiff William Speidel ("Speidel") and Defendant Joseph Akoto ("Akoto").[1] Plaintiffs seek judgment on the issue of liability. Plaintiff was struck by an automobile owned by Defendant Herminio Sierra ("Sierra") and driven by Defendant Akoto ("Akoto"), an employee of Defendant Marriott Hotels International ("Marriott"), outside a Marriott hotel in Manhattan.

The Court has jurisdiction of Plaintiffs' claims based on complete diversity of citizenship of each party in accordance with 28 U.S.C. § 1332. The matter was removed from the Supreme Court of the State of New York, County of New York in accordance with the removal provisions of 28 U.S.C. § 1441.

The Court has considered thoroughly all of the parties' submissions and arguments relating to the motion. For the following reasons, Plaintiffs' motion for summary judgment is denied.

---

[1] Plaintiff's motion was interposed as a cross-motion in connection with summary judgment applications on coverage issues raised in the third-party claims. The third party actions have both been resolved and dismissed pursuant to stipulations. Accordingly, the following motions relating to the third-party actions are terminated as moot: Summary Judgment Motion, filed June 2, 2004 by Glenn Falls Insurance Co. and Encompass Insurance Co. (Docket #36); Cross-Motion for Summary Judgment, filed on June 24, 2004, by Joseph Akoto, Marriott International, Inc. and Sodexho, Inc. (Docket #38); Cross-Motion for Declaratory Judgment, filed July 29, 2004, by Glenn Falls Insurance Co. and Encompass Insurance Co. (Docket #48); and Cross-Motion for Summary Judgment, filed on August 18, 2004, by American Home Assurance Co. (Docket #52).

## BACKGROUND

The following material facts are undisputed unless here characterized as allegations or assertions. On January 19, 2003, Plaintiff William Speidel was struck by a 1996 Lincoln motor vehicle driven by Defendant Joseph Akoto, an employee of Marriott Hotels International, Inc. Akoto was operating the automobile in the course of his Marriott employment. (Joint Preliminary Pre-Trial Statement ("JPPTS") ¶¶ 1-7.) Defendant Sierra, the owner of the automobile, had given his daughter, Ariseli Aguilar ("Aguilar"), permission to drive it; Aguilar had, in turn, given Marriott employees permission to operate the car for parking purposes. (Id. ¶¶ 8-9.)

The accident occurred as Speidel stood behind his car loading his luggage. The bumper of the 1996 Lincoln struck Speidel just below the knees and pinned him between the Lincoln and his own car. (Id. ¶¶ 2-3.) Following the accident, Speidel was diagnosed with a comminuted fracture of the left tibia and fibula. (Id. ¶ 11.)

Akoto testified in his deposition that he was moving the Lincoln to make room for other vehicles. (Akoto Dep. at 16.) Akoto asserts that he saw Speidel when Akoto was approximately four feet away from Speidel's car. (Id. at 57.) Akoto alleges that, at that point, he put his foot on the brake "hard" to stop the car. (Id. at 58.) According to his deposition testimony, the brakes did not function and the car did not stop. (Id.) Akoto also alleges that, after Speidel was pinned between the two cars, the brakes did not function when he backed the car away from Speidel. (Id. at 71). Akoto stated that he "used the gears" to stop the car. (Id.) Akoto further alleges that he spoke briefly with Aguilar following the accident, and that Aguilar said that there was something wrong with the brakes. (Id. at 17-18, 59.) Sierra asserts that he did

not have trouble with the brakes and that, following the accident, he had the brakes inspected and that no problems were discovered. (Sierra Dep. at 17.)

In addition to their claims against Akoto, Plaintiffs bring claims against Defendants Sodexho, Inc. ("Sodexho") and Marriott Hotels International, Inc. ("Marriott") on a theory of *respondeat superior*, as well as claims against Herminio Sierra ("Sierra") on a theory of vicarious liability pursuant to New York Vehicle and Traffic Law § 388 ("negligence in use or operation of vehicle attributable to owner").

## DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "A factual issue is genuine if it can reasonably be resolved in favor of either party," and "[a] fact is material if it can affect the outcome of the action based on the governing law." David v. N.Y.P.D. 42nd Precinct Warrant Squad, No. 02 Civ. 2581, 2004 WL 1878777, at *3 (S.D.N.Y. Aug. 23, 2004) (citing Anderson, 477 U.S. at 248, 250). Initially, the burden is on the moving party to "demonstrate the absence of any genuine issues of material fact." Harrison v. Potter, 323 F. Supp. 2d 593, 599 (S.D.N.Y. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the moving party satisfies its burden, the burden then "shifts to the nonmoving party to offer specific evidence

showing that a genuine issue for trial exists." Am. Home Assurance v. Zim Jamaica, 296 F. Supp. 2d 494, 498-99 (S.D.N.Y. 2003). In resolving a motion for summary judgment, "the Court must view the evidence in a light that is favorable to the non-moving party and draw all reasonable inferences in favor of that party." Harrison, 323 F. Supp. 2d at 599 (citing Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 126 (2d Cir. 2004)).

To establish that a defendant is liable for negligence, a plaintiff must prove the existence of a duty flowing from the defendant to the plaintiff, a breach of that duty, a reasonably close causal connection between the breach and the resulting injury, and actual loss, harm or damage. Febesh v. Elcejay Inn Corp. 157 A.D.2d 102, 555 N.Y.S.2d 46 N.Y.A.D. (1st Dept. 1990). In the case of a rear-end collision, the Appellate Division of the New York Supreme Court, Second Department, has ruled that "[a] rear-end collision with a stopped automobile creates a *prima facie* case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to provide a non-negligent explanation as to how the accident occurred." Davis v. Quinones, 295 A.D.2d 394 (2d Dep't 2002). Failure to provide a "non-negligent explanation, in evidentiary form," entitles the injured party to summary judgment. Johnson v. Phillip, 261 A.D.2d 269, 271 (1st Dep't 1999).

In Kienzle v. McLoughlin, 202 A.D.2d 299 (1st Dept. 1994), the First Department held that an emergency situation confronting the driver of a vehicle which rear-ends another vehicle would suffice as a non-negligent explanation that would rebut the *prima facie* case established by the fact of the rear-end collision. The Third Department has also ruled on emergency driving situations, holding that, if a driver, "confronted with an emergency not of his or her own making, reacts as a reasonable person when faced with similar circumstances, no

negligence will be found." Pettica v. Williams, 223 A.D.2d 987 (3d Dep't 1996); cf. Johnson, 261 A.D.2d 269 ("the emergency doctrine typically is inapplicable to routine rear-end traffic accidents"). Other non-negligent explanations for a rear-end collision include such circumstances as "mechanical failure or the sudden and abrupt stop of the vehicle ahead." Rodriguez-Johnson v. Hunt, 279 A.D.2d 781 (3d Dep't 2001).

The duty of explanation is imposed upon the operator of the moving vehicle "because he or she is in the best position to explain whether the collision was due to a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or some other reasonable cause." Stern v. Chang, No. 03 Civ. 8147, 2005 WL 1223428 (S.D.N.Y. May 24, 2005) citing Leal v. Wolff, 224 A.D.2d 392, 393 (2d Dep't 1996). Testimony from the defendant in a rear-end collision can provide a non-negligent explanation and thus rebut the *prima facie* case. Kienzle, 202 A.D.2.d 299 (defendant prevailed at trial based on his testimony of how the accident occurred), See also, Morton v. McCasland, 16 A.D.2d 781 (1st Dep't. 1962).

In the instant case, it is undisputed that the vehicle driven by Defendant Joseph Akoto struck Speidel from behind. (JPPTS ¶ 4.) Thus, Plaintiff Speidel has established a *prima facie* case of negligence against Defendants. Davis, 295 A.D.2d at 394. The burden of proving that a genuine material fact is in dispute therefore shifts to Defendants. To defeat Plaintiffs' motion for summary judgment, Defendants must provide a non-negligent explanation for the rear-end collision. Johnson, 261 A.D.2d at 271.

The Court finds that Akoto's assertions that he attempted to stop the Lincoln by using the brakes and that the brakes malfunctioned are sufficient to frame a genuine issue of

material fact as to whether there is a non-negligent explanation for the rear-end collision. If the brakes did not function properly, a reasonable factfinder could conclude that the rear-end collision was caused by the failure of the brakes rather than by any negligence on the part of the Akoto. Thus, a material issue of fact exists which precludes the granting of Plaintiffs' motion for summary judgment as to Plaintiffs' negligence claim against Akoto.

Plaintiffs' respondeat superior claims against Marriott and Sodhexo, Inc., and their claims against Sierra, the owner of the automobile, are premised on negligence on Akoto's part. Plaintiffs' motion must therefore be denied as to those claims as well.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment (Docket Entry No. 41) is denied. The parties shall promptly arrange for a conference with Judge Pitman to discuss settlement and, if necessary, any outstanding pre-trial matters.

SO ORDERED.

Date: July 5, 2005
New York, New York

LAURA TAYLOR SWAIN
United States District Judge